UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OCTAVIANO VAZQUEZ,  　　　　　　　　　　　Case No:

　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

-against-

BISMILLAH USA INC. d/b/a ALACHI MASALA,
AMIN MEHEDI, a/k/a Amin Mehdi, and ABDUL
SAHID.

　　　　　　　　　Defendants.
------------------------------------------------------------X

The Plaintiff, by his attorneys, states and alleges as follows:

## PRELIMINARY STATEMENT

1.　　　　Plaintiff Octaviano Vazquez brings this action against Bismillah USA Inc., d/b/a Alachi Masala ("Alachi Masala Restaurant") and its owners for egregious labor violations, including failure to pay minimum wage and overtime pay, failure to pay spread of hours compensation, and making unlawful deductions.

2.　　　　Plaintiff worked at Alachi Masala Restaurant, a restaurant specializing in South Asian cuisine located at all relevant times at 488 Amsterdam Avenue, New York, NY 10024, from approximately February 1, 2019 to July 25, 2022.

3.　　　　Throughout Plaintiff's employment, Defendants paid Plaintiff a daily salary of only $50 or $60, depending on the time period.  That salary equated to an hourly wage of between approximately $5.77 and $6.92, well below the required minimum wage under federal and state laws.  For some periods of time, Defendants made unlawful deductions from Plaintiff's pay, further reducing Plaintiff's compensation.  In addition, Defendants failed to pay any overtime

1

premiums or spread of hours compensation, and required Plaintiff to purchase and maintain expensive equipment necessary to perform his work.  Defendants also failed to provide Plaintiff with a written notice at the time of hire with certain required information about his employment, and failed to provide pay statements at the time they paid Plaintiff his wages.

4. Defendants Amin Mehedi and Abdul Sahid jointly owned and operated Bismillah USA Inc. throughout Plaintiff's employment at Alachi Masala Restaurant, and were the people primarily responsible for the terms and conditions of Plaintiff's work, and for the legal violations suffered by Plaintiff.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the events giving rise to the claims occurred in this district.

## THE PARTIES

### Plaintiff

8. Plaintiff Octaviano Vazquez was employed at Alachi Masala Restaurant during the relevant time period of this action. Plaintiff's employment duties included dishwasher, delivery, prep cook, bussing tables, and cleaning.

### Defendants

Bismillah USA Inc.

9. Defendant Bismillah USA Inc. is a corporation organized under the laws of the State of New York with a principal office located at 488 Amsterdam Ave., New York, NY 10024.

10.At all times Plaintiff worked at Alachi Masala Restaurant, Bismillah USA Inc. was a privately held corporation, incorporated on or about December 7, 2006.

11.At all times Plaintiff worked at Alachi Masala Restaurant, the business was engaged in the sale of food for consumption within its premises and was a "restaurant" within the meaning of 12 NYCRR § 146-3.1.

12.Upon information and belief, Defendant Bismillah USA Inc. owned and operated Alachi Masala Restaurant, located at 488 Amsterdam Ave., New York, NY 10024.

13.Upon information and belief, throughout the period Plaintiff worked at Alachi Masala Restaurant, Bismillah USA Inc. was an enterprise engaged in interstate commerce within the meaning of the FLSA in that it:

  a. had employees engaged in commerce or in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that were moved in or produced for commerce by any person, including but not limited to spices and other supplies that come from foreign countries, including but not limited to India; and

  b. had an annual gross volume of sales of not less than $500,000.

14.At all times Plaintiff worked at Alachi Masala Restaurant, Defendant Bismillah USA Inc. was Plaintiff's "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law ("NYLL").

Amin Mehedi a/k/a Amin Mehdi

15.Upon information and belief, Defendant Amin Mehedi a/k/a Amin Mehdi ("Amin Mehedi") was an owner of Alachi Masala Restaurant for the entirety of Plaintiff's employment period.

16. Upon information and belief, Defendant Amin Mehedi has been one of two owners of Alachi Masala Restaurant during some or all of the Plaintiff's employment at Alachi Masala Restaurant.

17. Defendant Amin Mehedi signed Plaintiff's paychecks on behalf of the restaurant, was responsible for paying wages, and jointly supervised Plaintiff's work with other managers.

18. Upon information and belief, throughout Plaintiff's employment, Defendant Amin Mehedi had the power to hire and fire employees, maintain employment records, determine rates of pay, set work schedules, and assign work responsibilities.

19. At all times Plaintiff worked at Alachi Masala Restaurant, Defendant Amin Mehedi was Plaintiff's "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law ("NYLL").

Abdul Sahid

20. Upon information and belief, Defendant Abdul Sahid was an owner of Alachi Masala Restaurant for the entirety of Plaintiff's employment period.

21. Defendant Abdul Sahid hired the Plaintiff to work at Alachi Masala Restaurant.

22. Defendant Abdul Sahid jointly supervised all employees with Defendant Amin Mehedi.

23. Defendant Abdul Sahid was an owner of Alachi Masala Restaurant during some or all of the period that Plaintiff worked at Alachi Masala Restaurant.

24. Defendant Abdul Sahid had the authority to fire employees.

25. Upon information and belief, throughout Plaintiff's employment, Defendant Abdul Sahid also had the authority to maintain employment records, determine rates of pay, set work schedules, and assign work responsibilities.

26. At all times Plaintiff worked at Alachi Masala Restaurant, Defendant Abdul Sahid was Plaintiff's "employer" within the meaning of the Fair Labor Standards Act and the New York Labor Law ("NYLL").

## FACTS

### Working Conditions

27. Plaintiff Octaviano Vazquez worked at Alachi Masala Restaurant from approximately February 1, 2019 to July 25, 2022.

28. For the entire employment period, Plaintiff worked at Alachi Masala Restaurant six days per week from Wednesday to Monday. Plaintiff worked approximately seven hours and a half on weekdays and eleven hours on weekends (Saturday and Sunday).

29. For the entire employment period, Plaintiff was not given a break during each shift and Plaintiff only received five minutes to eat.

30. For the entire employment period, Plaintiff worked approximately 52 hours every week.

31. For the entire employment period, Plaintiff's duties were a combination of tipped work, such as making deliveries, and non-tipped work, including but not limited to cleaning, dishwashing, and preparing food. Plaintiff typically spent more than two hours per shift performing non-tipped work.

32. Plaintiff was paid a daily rate of $50 from February 2019 to September 2020. From September 2020 to Plaintiff's final week of employment, Plaintiff was paid a daily rate of $60.

33. Alachi Masala paid Plaintiff his wages once per week from the beginning of his employment until some time in 2021. Thereafter until the end of his employment, Alachi Masala paid Plaintiff his wages once every two weeks.

34.     Alachi Masala also collected non-cash tips from delivery orders and distributed them to Plaintiff at the time Alachi Masala paid Plaintiff his wages.

35.     Given the number of hours worked and Plaintiff's rate of pay, Plaintiff's salary was below the applicable New York State and Federal minimum wage for the entire employment period. The daily salary Defendants paid to Plaintiff equated to an hourly rate of between approximately $5.77 and $6.92 per hour throughout his employment.

36.     During certain periods of Plaintiff's employment at Alachi Masala Restaurant, including approximately February 2019 to August 2020, Alachi Masala Restaurant made deductions from Plaintiff's compensation ranging from approximately $30 to $100 week.  Alachi Masala Restaurant also made unlawful deductions during other periods of Plaintiff's employment.

37.     Plaintiff did not authorize Alachi Masala Restaurant to make deductions from his compensation, and those deductions were unlawful, in violation of N.Y. Labor Law § 193.

38.     The deductions made by Alachi Masala Restaurant also reduced Plaintiff's effective hourly rate of pay even lower than $5.77 and $6.92, and in further violation of federal and state minimum wage laws.

39.     Defendants never paid Plaintiff overtime premiums during the entire employment period, even though Plaintiff worked approximately 52 hours per week every week or virtually every week throughout his entire employment period.

40.     Defendants violated the legal requirement under the Fair Labor Standards Act and New York Labor Law to pay overtime during every week, or virtually every week, throughout the entirety of Plaintiff's employment.

41.     In a typical workweek prior to September 2020 Plaintiff worked 52 hours per week over 6 days at a rate of $50 per day, for a total base pay of $300 per week. In a typical workweek after September 2020 Plaintiff continued to work 52 hours per week over 6 days at a rate of $60 per day, for a total base pay of $360 per week.

42.     By way of example, for the week ending Thursday January 21, 2021, Plaintiff worked six days and a total of approximately 52 hours, but was paid only $360 in total wages for the workweek (January 15 to January 21). That amounts to an hourly rate of approximately $6.92, below both the federal and New York State minimum wage, and without any overtime compensation or spread of hours compensation.

43.     Defendants never paid Plaintiff spread of hours compensation during the entire employment period, even though Plaintiff worked eleven hours per day on the weekends.

44.     Defendants did not pay Plaintiff any wages for his final four days of work.

45.     Defendants did not give Plaintiff the non-cash tips that he earned making deliveries during the final four days of his employment.

46.     Defendants failed to provide Plaintiff any notice, written or otherwise, at the time of payment or afterward, explaining the number of hours worked, gross wages, any deductions, and other information as required under New York Labor Law § 195(3).

47.     Defendants failed to provide Plaintiff any notice at the time of hiring, in writing in English and Plaintiff's preferred language, containing the rate of pay and basis thereof, allowances claimed as part of the minimum wage, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different, and the telephone number of the employer, as required under New York Labor Law § 195(1)(a).

48. Defendants failed to provide Plaintiff any notice, in writing or otherwise, of their intention to claim the tip credit.

49. Throughout the course of employment, Plaintiff made several purchases that were necessary to perform Plaintiff's duties, which were not reimbursed by the Defendants. Plaintiff spent approximately $1,800 on a motor bike, $1,000 on the bike's maintenance, and $400 on four delivery food bags, which were necessary to perform deliveries.

**Willful Violations**

50. Defendants were aware that their employment practices toward Plaintiff were in violation of the Fair Labor Standards Act and the New York Labor Law.

51. Alachi Masala Restaurant and Amin Mehedi were sued in 2016 in the case *Gomez v. Bismillah*, 1:16CV00923 S.D.N.Y., for violating the minimum wage, overtime, spread of hours, and notice requirements under the Fair Labor Standards Act and the New York Labor Law.

52. The employment practices alleged to have been unlawful in the *Gomez* complaint are similar to the unlawful practices alleged in this case.

53. Defendants Bismillah USA, Inc. and Amin Mehedi agreed to settle the 2016 case for $55,000.

54. Further, Defendants made Plaintiff sign a document at the time they paid him that understated the number of hours Plaintiff worked.  Defendants required Plaintiff to sign the document in order to get paid his wages.  Defendants' scheme to maintain fraudulent payroll records is further evidence of their willful violations.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wage Under the Fair Labor Standards Act

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

57. Defendants failed to pay Plaintiff the minimum wage required by the Fair Labor Standards Act throughout Plaintiff's employment at Alachi Masala Restaurant, in violation of 29 U.S.C. § 206.

58. Defendants' failure to pay Plaintiff the lawful minimum wage was willful.

59. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages Under the Fair Labor Standards Act

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

61. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203.

62. Defendants failed to pay Plaintiff overtime wages at rates at least one-and-a-half times the regular rate of pay in violation of 29 U.S.C. § 207.

63. Defendants' failure to pay Plaintiff his lawful overtime wages was willful.

64. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an equal amount of liquidated damages, as well as reasonable attorneys' fees and costs of the action.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages Under the New York Labor Law**

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

66. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

67. Throughout his employment at Alachi Masala Restaurant, Defendants failed to pay Plaintiff at the applicable legal minimum hourly wage, in violation of the New York Labor Law § 652.

68. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

### FOURTH CAUSE OF ACTION

**Overtime Wages Under the New York Labor Law**

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

70. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

71. Throughout Plaintiff's employment at Alachi Masala Restaurant, Defendants failed to pay Plaintiff overtime wages at rates at least one-and-a-half times the regular rate of pay, or one-

and-a-half times the applicable minimum wage, for each hour worked in excess of forty hours per week, in violation of the New York Labor Law and accompanying regulations.

72.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## FIFTH CAUSE OF ACTION

### Spread of Hours Under the New York Labor Law

73.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

74.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

75.     Throughout Plaintiff's employment at Alachi Masala Restaurant, Defendants failed to pay Plaintiff an additional hour of pay at the minimum wage for each day Plaintiff worked a spread of hours in excess of 10 hours per day.

76.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid spread of hours wages, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SIXTH CAUSE OF ACTION

### Unlawful Deductions Under the New York Labor Law

77.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

78.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law, including but not limited to N.Y. Labor Law §§ 2 and 651.

79.     Throughout Plaintiff's employment at Alachi Masala Restaurant, Defendants required Plaintiff to purchase and maintain equipment necessary to perform his work, including but not limited to a motorized bicycle.  Defendants did not reimburse Plaintiff for these expenses, in violation of 12 N.Y.C.R.R. § 146-2.7.

80.     Further, the Defendants made deductions from Plaintiff's salary during various periods of time, in violation of N.Y. Labor Law § 193.

81.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unreimbursed expenses, an equal amount as liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## SEVENTH CAUSE OF ACTION

**Failure to Provide Notice at the Time of Hire Under the New York Labor Law**

82.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

83.     Defendants failed to provide Plaintiff written notices at the time of hire in English and in the Plaintiff's primary language with information such as rate of pay, the regular payday, and the name of the employer, among other information. Defendants' acts violated N.Y. Labor Law § 195(1)(a).

84.     Plaintiff is entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(1)(a), interest, reasonable attorneys' fees, and costs of the action.

## EIGHTH CAUSE OF ACTION

### Failure to Provide Pay Statements Under the New York Labor Law

85. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

86. Throughout Plaintiff's employment at Alachi Masala Restaurant, Defendants failed to provide Plaintiff with a written statement at the time wages were paid containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate(s) of pay and basis this of; gross wages; deductions; allowances, if any; net wages; regular hourly rate of pay; overtime rate of pay; number of regular hours worked; and number of overtime hours worked

87. Defendants' acts violated N.Y. Labor Law § 195(3) throughout Plaintiff's employment.

88. Plaintiff is entitled to recover from Defendants the statutory maximum of five thousand dollars for Defendants' violations of Section 195(3), interest, reasonable attorneys' fees, and costs of the action.

## NINTH CAUSE OF ACTION

### Failure to Pay Wages on a Weekly Basis in Violation of N.Y. Labor Law §191

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

90. From approximately 2021 until the end of Plaintiff's employment, Defendants paid Plaintiff his wages only once every two weeks, in violation of New York Labor Law § 191.

91. Plaintiff is entitled to recover from Defendants liquidated damages, interest, reasonable attorneys' fees, and costs of the action.

## TENTH CAUSE OF ACTION

### Unlawful Retention of Gratuities in Violation of N.Y. Labor Law § 196-d

92.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

93.     Defendants collected non-cash gratuities earned by Plaintiff while making deliveries. Defendants did not give Plaintiff the non-cash gratuities he earned during his final four days of employment.

94.     Plaintiff is entitled to recover the unlawfully retained gratuities, liquidated damages, interest, reasonable attorneys' fees, and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Crisantos Vargas respectfully requests that judgment be granted:

1.     Declaring that Defendants' conduct complained of herein is in violation of the federal and New York State labor laws;

2.     Awarding Plaintiff unpaid minimum wages, overtime wages and spread of hours wages;

3.     Awarding Plaintiff liquidated damages;

4.     Awarding Plaintiff damages due to violations of NYLL §195 for failure to provide required notices and pay statements;

5.     Awarding Plaintiff damages due to violations of NYLL § 193;

6.     Awarding Plaintiff damages due to violations of NYLL § 196-d;

7.     Awarding Plaintiff attorneys' fees and costs;

8.     Awarding Plaintiff pre- and post-judgment interest;

9.     Awarding Plaintiff any such further relief as may be just and proper.

Dated: Sunnyside, New York

August 16, 2022

                                              Respectfully submitted,

*/s/ David A. Colodny*
Catholic Migration Services
47-01 Queens Blvd., Suite 203
Sunnyside, NY  11104
(347) 472-3500 ext. 1014 (tel.)
(347) 472-3501 (fax)
dcolodny@catholicmigration.org

Robert D. McCreanor, Esq.
Law Office of Robert D. McCreanor, PLLC
245 Saw Mill River Road
Hawthorne, NY 10532
(845) 202-1833 (tel.)
rmccreanor@rdmclegal.com